DICKINSON, Presiding Justice,
dissenting:
¶ 44. While I agree that the evidence could support a jury verdict, I also believe that a reasonable juror — viewing all the evidence in the light most favorable to Jackson, and assuming all reasonable inferences in his favor-could have found him guilty of trespass, and not burglary. And that entitled him to a lesser-included— offense instruction for trespass.[2]
¶ 45. Even though there was evidence that Jackson “rummaged” in places where valuables were located, none was taken. Furthermore, the Lotts found nothing missing from their home, and when Jackson was located soon after the incident, he had nothing that belonged to the Lotts. These facts, standing alone, prove nothing conclusive. But the question is whether a juror — adopting the inferences most favorable to Jackson — could reasonably believe that the State failed to meet its burden of proof. And since trespass is a lesser-included offense of burglary, Jackson was entitled to such an instruction. I therefore respectfully dissent.
KITCHENS, J., JOINS THIS OPINION.

. See Warren v. State, 709 So.2d 415 (Miss.1998) (reversing a defendant’s conviction where the trial court denied the defendant an instruction on the lesser-included offense of trespass).